UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL R. LITTLE        Judge
PRO PER                  CIVIL NO: 1:18 CV 45
         FILED
         SCRANTON
                         JURY TRIAL DEMAND
         JAN -8 2018
V

D. EBBERT, ET Al         DEFENDANTS SUED COL-
DEFENDANT  PER ___ CLERK  lectly, individually.

BIVENS/FTCA

## I  Jurisdiction

7TH AMEND. COMMON LAW Right to Jury Trial

## II  Parties

1. PLAINTIFF: Michael R. Little #13245-007 currently incarcerated in USP-FLORENCE "High" Colorado P.O. BOX 7000, FLORENCE, CO 81226.

2. DEFENDANT: 1. D. Ebbert (WARDEN) 2. K. Pigos (MD/CLINICAL DIR.) 3. F. Alama (MLP.) 4. F. Fasciana (MLP.) 5. Ms. Warner (R/N) USP-Lewisburg P.O. Box 1000 Lewisburg, PA 17837

## III  Exhaustion

"PLAINTIFF disavows the PLRA as beyond the delegated powers of Congress." [TAKE NOTICE] Pg. 66 of the U.S. Government Manual defines "LOWER COURTS" as:

"ART. III of the Constitution declares in SECT. 1 that the Judicial Power of the United States shall be invested in one Supreme Court and in such inferior courts as Congress may from time to time ordain and Establish. The Supreme Court has held that these constitutional

Pg. 1 of 6

COURTS...SHARE IN THE EXERCISE OF THE JUDICAL POWER DEFINED IN THAT SECTION, <u>CAN BE INVESTED WITH NO OTHER JURISDICTION</u> AND HAVE JUDGES WHO HOLD OFFICE DURING GOOD BEHAVIOR <u>WITH NO POWER IN CONGRESS TO PROVIDE OTHERWISE.</u>

(EMPHASIS ADD TO SHOW MANDATE)

AS THIS BOOK IS THE OFFICAL HANDBOOK OF THE FEDERAL GOVERNMENT BY THE FEDERAL REGISTERS OFFICE, THIS COURT MUST TAKE "JUDICAL NOTICE" THAT THE PLRA OR ANY OTHER ACT OF CONGRESS CAN PROVIDE JURISDICTION WHEN INMATES MAKE CONSTI- TUTIONAL CLAIMS, NO FEE CAN BE CHARGED AND NO PROCEDURAL OR TIME BAR CAN BE IMPOSED EXHAUSTION IS NOT REQUIRED OR IS EXCUSED FOR CAUSE AND PREJUDICE. DUE TO PRISON STAFF INTERFERENCE OF EXERCISE RIGHTS SECURED IN THE BILL OF RIGHTS.

## IV CLAIMS

1. DEFENDANT D. EBBERT WAS WELL AWARE OF POTENTIAL TO PLAINTIFF. DUE TO REMEDY # 829404-F1 AND DEFENDANT FAILED TO REMEDY ISSUE, WHICH CONSTITUTE DELIBERATE INDIFFERENCE, RESULTED IN PLAINTIFF INJURIES (SPLIT LEFT EYE ON LEFT SIDE OF FACE REQUIRED GLUE STITCHES TO CLOSE SORE BACK, LEFT KNEE INJURY, DIZZY SPELLS, BLACK- OUTS ALL RESULTED (2-18-16) WHEN PLAINTIFF FELL OFF TOP BUNK- BED WHILE GETTING DOWN TO GET MEDICATION AND "NO" LADDER TO <u>USE</u>, BUT PLAINTIFF FOOT SLIPPED FROM TABLE GETTING DOWN FROM TOP BED. DEFENDANT EBBERT WAS WARDEN AT TIME OF ACTUAL IN- JURY, BUT HAD MORE THAN ENOUGH TIME TO HAVE LADDERS ON "G" UNIT CELLS OR JUST SEND PLAINTIFF TO "X" UNIT WITH SOME BEDS WITH LADDERS SEE REMEDY # (829404-F1) "NOTE" USP- LEWISBURG (SMU) "G" UNIT AND OTHER UNITS SOME BEDS DON'T HAVE LADDERS, THIS ALONE

violate

Also defendant knew USP-Lewisburg (SMU) cells on "g" units was not fit to house (2) men in extremely small cells that put inmates in more harm by exsposure to "hot" heating pipes. All injuries plaintiff suffered 2-18-16 was direct result of defendant Ebbert ignor serious issues brought to his attention in remedies (829 404-F1, 854424-F1, 858874-F1, 867121-F1)

2. Defendant: Pigos is (MD) at USP-Lewisburg (SMU) and was well aware of plaintiff medical injury (DDD) deterated dislocated disk in back in which about between 5-3-14 up to third week or end of May 2014 plaintiff saw Pigos and requested for bottom bunk pass due to (DDD) injury and tightness to back and Pigos defendant deny request despite plaintiff medical file clearly stating (DDD) injury. This constitute deliberate indifference, in which Pigos acts was direct result to plaintiff injuries 2-18-16. Moreover, plaintiff was not suppose to be on top bunk bed period.

3. Defendant: Fasciana was/is "g" unit USP-Lewisburg (SMU) medical staff/PA and since plaintiff entry of USP-Lewisburg (SMU) 4-28-14 ongoing and continuous plaintiff gave Fasciana many/daily sick call slips requesting for bottom bunk pass due to (permanant) back injuries, but plaintiff never got medically seen for the issues which give reason to believe Fasciana destroyed sick call slips. Plaintiff wanted surgery on his back or treatment for (DDD) injury. Fasciana acts are direct result of plaintiff

Pg 3 of 6

INJURIES 2-18-16

4. Defendant: WARNER failed to deliberately log all plaintiff injuries 2-18-16 split left eye, sore neck/back, and WARNER ordered (MLP) MR. ALAMA don't use regular stitches, but use glue stitches to close plaintiff face wound. Also WARNER denied to give plaintiff temporary bottom bunk pass.

5. Defendant: F. ALAMA (MLP) followed orders of Ms. WARNER 2-18-16 in health service and did not use hard stitches to close face wound on plaintiff also ALAMA to refused to give plaintiff temporary bottom bunk pass when they knew plaintiff just fell off top bunk and would still have to continuous get off top bunk to get med etc with no ladder.

SUMMARY

Defendants willfully violated plaintiff constitutional rights 5th, 8th, 14th through deliberate indifference when defendant Ebbert failed to put ladders on g unit beds or move plaintiff to unit with such ladders moreover plaintiff was not to be celled with inmate in small cell fit for (1) inmate period.

From about 4-28-14 Plaintiff was confined in USP. Lewisburg (SMU) housed in "G" unit with a cell mate and such cells in "G" unit are not fit to house (2) inmates. This violate ((OCEA) ) PS.1060.11(7)(b)(1)(a); 28 CFR 541.21(c)(2) also its supporting case law see BAKER v HOLDER 787 F. Supp 1008 (D. KAN. 1992) where the American Public Health Association (APHA) calls for 60 space feet per person where the cell is occupied for (10) hrs. or more per day.

The courts have ruled against double celling in space less than 35 sq. ft. unencumbered per man cannot be double cell and prohibited by law. BAKER v. HOLDER (D. KAN 1992) USP. Lewisburg (SMU) accredited by the (APHA) and (ACA) and is receiving funding under fraud because they are not meeting the minimal standards to stay operational.

Due to forced celling (double) in a cell designated for only single cell occupancy, I have suffered a prodigious numbers of injuries. The injuries include but not limited to: intentional infliction of emotional duress resulting in injuries to my nervous system, psychological state, sleep deprivation, insomnia, migraines, paranoia, extreme stress, anxiety and 2-18-16 fell off top bunk with no ladder to get my PM medication resulting to injuries, split left eye, lower back injuries and left knee injuries, sore neck

## Conclusion

Plaintiff states that had defendant Ebbert followed policy hereby not double cell inmates in cells fit for (1) inmate and placed ladders in G unit cells plaintiff would not had this injury to his person. The remedies stated constitute deliberate indifference to defendants.

## Relief

For damages plaintiff endured, plaintiff request monies in the amount of actual award $25,000.00, punitive award $25,000.00 and that this court grant plaintiff any other relief it deems necessary in accordance with law. Respectfully plaintiff ask the courts for a total of $50,000.00

10-9-17

Michael R. Little
#13245-007
USP. Florence "High"
P.O. Box 7000
Florence, CO 81226

(NOTE) This complaint was sent to courts 10-10-17 by given to USP. Florence "High" mailroom staff and of date 1-3-18 the courts have not responded. Now this complaint is being resubmitted on 1-3-18 to court by given to USP. Florence "High" mailroom staff... Also the courts never responded to 11-12-17 letter to courts to confirm my initial complaint received 10-10-17

Pg 6 of 6

11-12-17

CLERK OF THE COURT

Subj: To receive confirmation that the prison mail room staff did not deliberately sabotage my civil suit against USP-Lewisburg staff hereby destroying the filed prepaid mail complaint filed around or about (10-10-17) complaint dated 10-9-17. Against David Ebbert et al for violation of Michael Little constitutional rights, subjecting Little to cruel and unusual punishment/deliberate indifference where Little fell off top bunk bed 2-18-16 and split his eye amongst other injuries as of date 11-12-17 Little still has not received notice of the complaint submitted in which the courts would have sent Little the application to proceed in district court without prepaying fees or costs, so enclosed is a form to file suit without cost.

Please process the complaint so I'm asking the courts did they get my filed suit or did USP-Florence "High" mailroom staff trash my legal mail to the courts, hereby losing my suit?

Enclosed is a copy of my prison account and the application to process the filing fee.

Respectfully submitted
M. Little
Michael Little

11-12-17
(NOTE) This letter is resubmitted to courts 1-3-18 by given to USP-Florence "High" mailroom staff in which was not responded to when sent 11-12-17 enclosed is the suit being resubmitted.

MICHAEL R. Little
    Plaintiff
        v
D. Ebbert et al
    Defendant

## Affidavit of Truth

"Indeed no more than affiant is necessary to make the prima facie case." U.S. v. Kis

Plaintiff state foregoing true:

1. Upon plaintiff coming to USP-Lewisburg (SMU) 4-28-14 he tried to get Pigos(md) to give him bottom bunk pass due to serious back injuries only to no avail. Also continuously plaintiff gave Fasciana (MLP) many sick call slips to again get bottom bunk pass/back surgery, but plaintiff was never seen for sick call which conclude Fasciana trashed daily sick call slips given to him.

2. Plaintiff remedy 829404-F1 alerted defendant Ebbert serious risk of plaintiff almost brok his neck getting down off top bunk with no ladder to get his PM meds, but Ebbert failed to remedy issues as plaintiff requested as in (put ladders in all units) so when plaintiff injuries 2-18-16 constitute deliberate indifference on Ebbert. Also Ebbert is aware that such cells in "J" unit is not fit to house (2) inmates and that no ladders in cells place inmates at risk of harm.

3. Fasciana (MLP) willfully accepted daily sick call

pg. 1 of 2

SLIPS FROM PLAINTIFF ON "9" UNIT PERTINENT TO RECEIVING BOTTOM BUNK PASS / SURGERY FOR BACK INJURY. BUT PLAINTIFF NEVER GOT SEEN FOR SICK CALL, WHICH SUPPORT FASCIANA TRASHED THE SICK CALL SLIPS.

4. ALL REMEDIES SUPPORT DEFENDANTS COULD HAVE PREVENTED PLAINTIFF 2-18-16 INJURIES

5. 2-18-16 AIAMA FAILED TO FOLLOW HIS MEDICAL DUTIES BY FOLLOWING ORDERS OF MEDICAL STAFF WARNER AND NOT PROVIDING STITCHES TO CLOSE PLAINTIFF WOUND, BUT USED GLUE FOR WOUND WITHOUT GIVING TEMPORARY BOTTOM BUNK PASS KNOWING PLAINTIFF JUST FELL OFF TOP BUNK DUE TO NO LADDERS ON BED.

6. DEFENDANTS ARE LIABLE FOR PLAINTIFF CONSTITUTIONAL RIGHTS BEING VIOLATED UNDER DELIBERATE INDIFFERENCE WHICH SUPPORTS PLAINTIFF ATTACHED CIVIL ACTION, WHEREBY RELIEF CAN BE GRANTED TO PLAINTIFF.

(NOTE) THIS AFFIDAVIT IS RESUBMITTED ENCLOSED WITH COMPLAINT DATED 10-9-17 WHICH WAS SENT TO COURT 10-10-17 BUT COURTS DIDN'T REPLY, SO NOW ALL SUIT MATERIAL HEREBEING SUIT / AFFIDAVIT / LETTER TO COURTS IS REFILED 1-3-18 GIVEN TO USP FLORENCE "High" MAILROOM FOR COURTS.

UNDER PENALTY MICHAEL LITTLE 13245-007 STATE THIS ABOVE TRUE AND CAN TESTIFY IN COURT

10-9-17   Michael Little   13245-007

PG 2 OF 2

Michael Little 13245-007
United States Penitentiary "High"
Florence "High"
P.O. Box 7000
Florence, CO 81226

LEGAL MAIL

RECEIVED
SCRANTON
JAN - 8 2018
PEh_____
DEPUTY CLERK

United States Dist. Court
Middle District Pennsylvania
William J. Nealon Federal
Bldg.; U.S. Courthouse
235 North Washington Ave.
P.O. Box 1148
Scranton, PA 18501-1148
◇13245-007◇
Court Cler Willian
PO BOX 1148
Scranton, PA 18501
United States